IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **DEMETRIUS FLOWERS,** ) | |
|     **Plaintiff,** ) | |
| vs. ) | No. 3:20-CV-2823-G-BH |
| ) | |
| **UNKNOWN,** ) | |
|     **Defendant.** ) | Referred to U.S. Magistrate Judge[1] |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant filings and applicable law, the case should be dismissed without prejudice for failure to prosecute or follow orders of the court.

### I. BACKGROUND

On September 11, 2020, the *pro se* prisoner plaintiff filed a handwritten document that is largely indecipherable. (*See* doc. 3.) By *Notice of Deficiency and Order* dated September 14, 2020, she was notified that she had not filed her complaint on the appropriate form and either paid the filing fee or submitted an application to proceed *in forma pauperis* (IFP). (*See* doc. 4.) The order specifically advised the plaintiff that she must file her complaint on the proper form and either pay the filing fee or file her IFP application within thirty days, and that a failure to do so could result in the dismissal of her case. *Id.* Attached to the order were copies of the civil rights complaint form and an IFP application. *See id.* More than thirty days from the date of the order have passed, but the plaintiff has not filed her complaint on the proper form and either paid the filing fee or filed an IFP application. She has not filed anything else in this case.

### II. INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua*

---

[1] By *Special Order 3-251*, this *pro se* prisoner case has been automatically referred for full case management.

*sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). The plaintiff failed to comply with the September 14, 2020 order that she file her complaint on the proper form and pay the filing fee or submit an IFP application despite a warning that failure to do so could result in dismissal of the case. She has not filed anything else. Because the plaintiff failed to follow a court order or otherwise show that she intends to proceed with this case, it should be dismissed.

### III.  RECOMMENDATION

This case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow orders of the court, unless the plaintiff files her complaint on the proper form and either pays the filing fee or submits her completed application to proceed *in forma pauperis* within the time for objecting to this recommendation, or by some other deadline set by the court.

**SO RECOMMENDED** on this 3rd day of November, 2020.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                                      IRMA CARRILLO RAMIREZ
                                      UNITED STATES MAGISTRATE JUDGE